UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES ELMER MITCHELL and
JOHN JESSEN,                                    )
                                                )
                    Petitioners,                )    No. 16-MC-0036-JLQ
                                                )
        vs.                                     )    ORDER RE: MOTION TO
                                                )    RECONSIDER
UNITED STATES OF AMERICA,                       )
                                                )
                    Respondent.                 )
_____            )

**Related Case:**

SULEIMAN ABDULLAH SALIM, et al.,                )
                                                )
                    Plaintiffs,                 )    No.  CV-15-0286-JLQ
                                                )
        vs.                                     )
                                                )
JAMES E. MITCHELL and JOHN                      )
JESSEN,                                         )
                                                )
                    Defendants.                 )
_____            )

        BEFORE THE COURT is Petitioners/Defendants James Mitchell and John
Jessen's Motion for Reconsideration of the Court's October 4, 2016 Order (ECF No. 32 in
case # 16-mc-36).  The Motion seeks reconsideration/clarification of the Order
concerning the scope of document production in response to a subpoena.  The
Government has filed a Response (ECF No. 37), and Defendants a Reply (ECF No. 42).
The Motion was submitted without oral argument.

**I. Introduction**

        Petitioners James Mitchell and John Jessen in the miscellaneous action, 16-mc-

0036, are the Defendants in the related case, *Salim et al. v. Mitchell et al.*, 15-286-JLQ, and are referred to as Defendants herein.   Respondent is the United States, representing the interests of the Central Intelligence Agency ("CIA") and Department of Justice ("DOJ") in responding to a subpoena.   Plaintiffs in the underlying action, 15-286-JLQ, allege Defendants worked under contract with the CIA and "designed, implemented, and personally administered an experimental torture program." (Complaint, ¶ 1).   Plaintiffs, who bear the burden of proof on their claims, have consistently taken the position that, "the facts necessary to adjudicate this matter are available in the public record." (ECF No. 34 in Case # 15-286-JLQ, at p. 3).   Plaintiffs stated "limited discovery, although unnecessary in light of the public record" may be relevant on two discrete topics. (*Id.* at p. 4).   One topic identified by Plaintiffs was "carefully limited discovery of Defendants' roles in designing their torture program." (*Id.*).   Plaintiffs asserted Defendants' discovery proposal was "overbroad, protracted, and unduly burdensome." (*Id.*).

In April 2016, when discovery was just beginning, Plaintiffs stated "Defendants should not be permitted to turn the discovery process in this case into a far-flung and irrelevant inquiry that will guarantee unnecessary expense and delay." (*Id.* at p. 6). Defendants served subpoenas on the CIA and DOJ in late-June 2016.  The Government responded by contending the requests were overbroad and not proportional under Fed.R.Civ.P. 26(b)(1).  Defendants filed a Motion to Compel. (ECF No. 1 in case #16-mc-36).  On October 4, 2016, after reviewing the extensive briefs of the parties and conducting a 90-minute hearing on September 29, 2016, the court issued its Order (ECF No. 31), which granted in part Defendants' Motion to Compel the Government to produce documents in response to subpoenas to the CIA and DOJ.  The instant Motion "seeks clarification and, if appropriate, reconsideration, with regard to the scope of the Order." (ECF No. 32).

Before addressing the Motion for Reconsideration/Clarification it is important to observe Defendants have filed, since the beginning of September 2016, four substantive discovery motions: two Motions to Compel, the instant Motion to Reconsider, and a

Motion for Protective Order. The Government has filed a Motion for Protective Order, and both the Government and Defendants have filed motions to expedite. Plaintiffs have filed no discovery motions in that time and have maintained the position additional discovery is largely unnecessary: "It has therefore been Plaintiffs' consistent position that discovery in this case should be targeted, expeditious, and focused on the actions of Defendants and the injuries suffered by Plaintiffs." (ECF No. 25 in case # 16-mc-36, at p. 2). Plaintiffs characterize Defendants discovery requests as "expansive", "broad", and "largely irrelevant." (*Id*. at p. 2-3) The court will not allow this matter to be unduly delayed while Defendants squabble with the Government over discovery.

The Motion for Reconsideration/Clarification specifically raises three issues and questions: 1) whether the Government is required to produce documents concerning Defendants' role in the design of the CIA's Enhanced Interrogation program from 2001 to present; 2) whether the Government must produce documents generated between September 2001 and August 2004, which reference "the decision to use enhanced interrogation techniques with Abu Zubaydah but do not mention Defendants; and 3) whether the Government must produce "post-2004 contracts" between Defendants and the Government. (ECF No. 32, p. 1-2). Defendants contend the answer to all three questions is yes. The Government contends the Motion to Reconsider should be denied in its entirety. (ECF No. 37).

## II. Discussion

### A. The Design Documents -

Defendants contend production of documents concerning design of the Enhanced Interrogation Program (the "Program") should not be limited in temporal scope from September 11, 2001 to August 1, 2004. Defendants argue some documents produced in discovery, as well as the Senate Select Committee on Intelligence ("SSCI") Report, were generated after 2004 and thus demonstrate the temporal limitation is inappropriate. The Government correctly states this question was addressed at the September 29th hearing. The court clearly stated: "I am ruling that the design search is limited to, from 9-11 to 8-

1-04." (ECF No. 29, p. 48).

The SSCI Report on the CIA's Detention and Interrogation Program (hereafter "SSCI Report") is hundreds of pages long, and according to the introductory statement of Senator Feinstein was created after a multi-year investigation and review of millions of pages of documents.[1]  According to the SSCI Report, and as alleged in the Complaint, use of enhanced interrogation techniques began in 2002.  One would reasonably expect the most relevant documents associated with the design of the Program were created around the time the Program was designed.  Additionally, Defendants have the benefit of the exhaustive SSCI Report, which, as they acknowledge, has already provided additional information.  The Government contends expanding the temporal scope would likely result in cumulative and duplicative production and such search is not proportional per Fed.R.Civ.P. 26(b)(1).

Defendants' Reply brief hyperbolically contends the temporal scope "causes manifest injustice" and is an unfair limitation. (ECF No. 42, p. 1).  Defendants point to documents allegedly concerning the design of the Program they obtained through discovery or from the SSCI Report which were created after 2004.  Defendants refer to a 2007 email referencing a meeting with Secretary of State Condoleeza Rice (ECF No. 33-1) and a document from discovery dated April 11, 2007 (ECF No. 33-2).  Defendants have not been unfairly denied these documents. Rather, these documents have been produced.  The parties also have the benefit of the extensive SSCI investigation. Further, the Government's Status Report of November 1, 2016 (ECF No. 45), states "several hundred pages" of documents recently identified as responsive are currently being reviewed for classification and privilege. (ECF No. 45, p. 3).  The Government states the "overwhelming majority of these documents relate to Defendants' role in the interrogations of Abu Zubaydah and the design of the enhanced interrogation

---

[1]The SSCI Report is available at www.intelligence.senate.gov (last visited 11/3/2016); see also Complaint (ECF No. 1, ¶21)("The SSCI Report 'is the most comprehensive review ever conducted' of the CIA's detention and interrogation program and is based on six million pages of material...").

techniques." (*Id.* at p. 4).  Therefore, Defendants will be receiving additional documents on the design issue.

Defendants' requests to expand the scope of discovery are disproportionate.  Under Rule 26(b)(1) discovery should be "proportional to the needs of the case" and the court should consider: 1) the importance of the issues at stake in the action; 2) the amount in controversy; 3) the parties relative access to relevant information; 4) the parties resources; 5) the importance of the discovery in resolving issues; and 6) whether the burden or expense outweighs its likely benefit.  The issues at stake are important.  The issue of relative access is complicated because some of the documents Defendants seek are contracts to which they were a party, or even documents they allegedly drafted.  One would expect Defendants to have access or knowledge of such documents, but perhaps not possession of such documents if they contain classified information.  Defendants have extensive resources, are represented in this matter by multiple attorneys, and have advised the court their attorney fees are currently being paid by the Government pursuant to an agreement with the Government.  Defendants contend the design discovery is important to a potential defense, but much information about the design has, or is being produced, or is available from other sources such as the SSCI Report and their own involvement in the design.  The burden of expanding the search outweighs the likely benefit of finding information that is not duplicative.  The Motion for Reconsideration on this issue is **DENIED**.

## B. Abu Zubaydah

As the Government correctly points out, this court was quite clear in its ruling at the September 29, 2016 hearing: "I'm not ordering the complete furnishing of any and all Zubaydah documents it's only anything that relates to Zubaydah and these two defendants" (Transcript at ECF No. 29, p. 34).  The court further stated: "My ruling is that any reports as they relate to these two defendants dealings with Zubaydah, between March of 2002 and August of 2004, are included in the subpoena." (*Id.*).  Defendants now contend the court's written Order should be construed to require the Government "to

produce all documents relating to Zubaydah provided the documents were generated between 9/11/01 and 8/1/04." (ECF No. 32, p. 6).  Defendants argue limiting production to documents which reference one of the Defendants "could divest Defendants of highly relevant documents critical to Defendants' defense." (*Id.* at p. 7).  This argument is not well-taken, and could be considered disingenuous.

The Defendants issued a subpoena to the CIA, which was the subject of the Motion to Compel, and now ongoing motion practice.  The subpoena contained enumerated document requests, and # 21 pertained to Zubaydah:  "All documents **relating to one or both Defendants' involvement**, if any, in Zubaydah's capture, rendition and/or interrogation." (ECF 1-9)(emphasis added).  Through attempts to meet and confer, defense counsel modified the request and "relating to" was changed to "identifying and/or discussing". (ECF No. 19-5).  Thus, the Defendants specifically sought documents "identifying and/or discussing one or both Defendants...".   Defendants' attempt to now expand the scope of subpoena to "all documents relating to Zubaydah" is rejected.  The Motion for Reconsideration on this issue is **DENIED**.

### C.  Post-2004 Contracts between Defendants and the Government

At the September 29, 2016 hearing, the Government stated it had produced contracts up through 2004 (Transcript at ECF No. 29, p. 7).  Counsel for the Government further stated he believed the CIA possessed contracts through 2007.  (*Id.* at p. 8).  Defendants seek these additional contracts and argue such contracts are relevant to their asserted defense "that any actions they took in connection with the Program were authorized by the Government within its validly-conferred authority." (ECF No. 32, p. 9).  The Government contends contracts post-dating 2004 are irrelevant.  The Government contends only contracts which set forth duties and functions Defendants were authorized to take during Plaintiffs' detention are relevant. (ECF No. 37, p. 8).  The Government contends post-2004 contracts cannot possibly define the scope of work Defendants undertook pre-2004.

The Government further argues although it has already identified the contracts, producing them will be burdensome due to "complex and exacting line-by-line review process" for classified information. (ECF No. 37, p. 10).  Defendants, with their Reply Brief, have submitted a declaration and email correspondence in support of the contention the Government already reviewed the contract documents in July 2016. (ECF No. 43). The email correspondence between counsel states the Government "conducted a reasonable search of its contract records" and collected "several hundred pages" of "potentially relevant documents". (ECF No. 43-1, email of Andrew Warden of July 7, 2016).  Defense counsel contended only about 100 pages were produced.  Mr. Warden's email states the contract files contained the "actual contracts" and "internal CIA documentation" and the contracts were "reviewed for classification, redacted where appropriate, and then produced." (*Id.*).  This correspondence does not demonstrate, as Defendants contend, that all the contracts from 2001 to 2007 were reviewed for classification.  The Government may have only conducted classification review for the contracts it believed to be relevant from 2001 to 2004.  The court finds the contracts post-dating 2004 between Defendants and the CIA are potentially relevant, and Government review of these documents, if not already completed, is not unduly burdensome.

The potential relevance of contracts post-2004 is demonstrated by a review of the allegations in Plaintiffs' Complaint and the Findings and Conclusions of the SSCI Report. The Complaint alleges Mitchell and Jessen founded Mitchell, Jessen & Associates and from 2005 to 2009, continued to work under contract with the CIA. (ECF No. 1, ¶ 13). The SSCI Report is referenced at paragraph 21 of the Complaint.  Defendants' alleged contractual relationship with the CIA is referenced again at paragraphs 66 to 68 of the Complaint.  The SSCI Report, under Finding and Conclusion #13, after discussing the role of two psychologists who contracted with the CIA and in 2005 formed a company to continue working with the CIA, states: "In 2007, the CIA provided a multi-year indemnification agreement to protect the company [presumably Mitchell, Jessen & Associates] and its employees from legal liability arising out of the program." (SSCI

Report at pp. xx-xi).  The relevance of such a document is demonstrated by the fact insurance and indemnity agreements are part of the Rule 26 initial disclosures under Fed.R.Civ.P. 26(a)(1)(A)(iv).

**IT IS HEREBY ORDERED:**

　　1.  Petitioners/Defendants James Mitchell and John Jessen's Motion for Reconsideration of the Court's October 4, 2016 Order (ECF No. 32 in case # 16-mc-36) is **GRANTED IN PART** as set forth below and is otherwise **DENIED**.

　　2.  The Government has stated it possesses additional contracts between the CIA and Defendants relating to the enhanced interrogation program.  The Government shall produce those contracts as soon as possible and **no later than November 23, 2016**.

　　3.  If necessary, pursuant to the Government's classification review, the contracts may be produced with redactions.  If redacted, the Government shall state the basis for the redactions.

　　**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

　　**DATED** this 8th day of November, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE